**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PHILLIP L. MILLER,

        Plaintiff,

        v.

WARDEN JOHN CUZZUPE, et al.,

        Defendants.

Civil Action No. 22-2361 (KMW) (AMD)

**OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Phillip L. Miller's civil complaint. (ECF No. 1.) Also before the Court is Plaintiff's renewed application to proceed *in forma pauperis*. (ECF No. 6.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is authorized in this matter, and Plaintiff's application is granted. As Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.  BACKGROUND**

Plaintiff is a state pre-trial detainee currently confined in the Salem County Correctional Facility. (ECF No. 1 at 2-4.) On June 22, 2022, Defendant Sgt. Dellapaz and several other officers instructed Plaintiff to remove items he had blocking his cell light. (*Id.* at 5.) When Plaintiff did not respond, officers unlocked his door, removed the offending items – books and legal paperwork

– and gave them to Dellapaz. (*Id.* at 5-6.) Plaintiff, taking issue with this, insisted they be given back to him and then made a lewd suggestion to Dellapaz, to which Dellapaz responded by saying he would not perform the suggested act because Plaintiff has AIDS, an apparently false assertion. (*Id.* at 6.) Plaintiff responded by making a further lewd suggestion that Dellapaz perform a sexual act upon him, to which the officer again responded by insisting he would not because Plaintiff had AIDS. (*Id.*) When Plaintiff responded with further obscenities, he was restrained and placed in administrative segregation. (*Id.*) Plaintiff and Dellapaz thereafter had a further short verbal spat. (*Id.*) Plaintiff therefore seeks to bring a civil rights claim against Dellapaz based on the above verbal spat, and a supervisory claim against the jail's warden as he believes the warden failed to respond to his complaints about this argument. (*Id.* at 6-7.)

## II. LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed

2

factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to raise federal civil rights claims based on a verbal argument he had with Defendant Dellapaz and a supervisory claim against Defendant Cuzzupe based on his failure to respond to complaints about Dellapaz or to properly oversee the officer. Plaintiff's complaint in this matter, however, amounts to a complaint about no more than verbal insults slung against him during a brief argument he initiated with insults of his own. The use of slurs, verbal insults, and the like, however, are insufficient to amount to a constitutional violation in the absence of some further action such as a use of excessive force or case of disparate treatment. *See, e.g., Richardson v. Sherrer*, 344 F. App'x 755, 757 (3d Cir. 2009); *Salley v. Pa. Dep't of*

3

*Corr.*, 181 F. App'x 258, 266 (3d Cir. 2006); *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999). As Plaintiff's claims in this matter relate to mere verbal insults, insults that were the result of Plaintiff's own initiation of a verbal spate at that, those insults are insufficient to support a constitutional claim for relief, regardless of the impropriety or pettiness of the comments in question. Plaintiff's claim against Dellapaz must therefore be dismissed without prejudice for failure to state a claim for which relief may be granted. Plaintiff's supervisory claims against Defendant Cuzzupe must likewise be dismissed for failure to state a claim as Plaintiff has failed to identify an actionable underlying constitutional violation. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (supervisor may only be held liable in a federal civil rights claim where he was personally involved in an alleged constitutional violation). Plaintiff's complaint shall therefore be dismissed without prejudice in its entirety for failure to state a claim for which relief may be granted.

## IV. <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**, his complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge