## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PHILIP L. MILLER,

             Plaintiff,

        v.

WARDEN JOHN CUZZUPE, et al.,

             Defendants.

Civil Action No. 22-2361 (KMW) (AMD)

**MEMORANDUM ORDER**

This matter comes before the Court on the amended complaint (ECF No. 12) and motion seeking appointed counsel (ECF No. 10) filed by Plaintiff in this matter. As Plaintiff was previously granted *in forma pauperis* status, this Court is required to screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A

complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

devoid of 'further factual enhancement.'"   *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555,

557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550

U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* (quoting *Twombly*, 550 U.S. at 556).  A complaint that provides facts "merely consistent with"

the defendant's liability it "stops short of the line between possibility and plausibility" and will not

survive review under Rule 12(b)(6).  *Id.* (quoting *Twombly*, 555 U.S. at 557).  While *pro se*

pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still

"allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*,

704 F.3d 239, 245 (3d Cir. 2013).

In his amended complaint, Plaintiff seeks to raise claims related to actions taken by

Defendant Sgt. Delapaz during a jail cell confrontation that dissolved into a verbal spat.  (ECF No.

12 at 5-10.)  Specifically, Plaintiff contends that, during the argument between himself and

Delapaz over Plaintiff's refusal to follow certain commands and in response to comments by

Plaintiff, Delapaz loudly exclaimed to Plaintiff's entire jail house unit that he had HIV/AIDS, a

statement which Plaintiff now contends was an improper revelation of his medical condition to

third parties without his consent.[1]  (*Id.*)  Plaintiff further contends that Defendant Nurse Woodside

---

[1] Plaintiff's original complaint took issue with Delapaz's comments insomuch as he found them
offensive.  (*See* ECF No. 1.)  In his current complaint, however, Plaintiff states that he does, in
fact, have HIV/AIDS and that the statements by Delapaz violated his privacy.  This Court assumes
this to be true for the purposes of screening, although the Court notes that there is some tension

improperly disclosed this information to Delapaz. (*Id.*) In addition to Woodside and Delapaz, Plaintiff also seeks to raise his claims against Defendants Miller and Cuzzupe, the county sheriff and jail warden, to whom he wrote grievances and complaints that did not resolve the issue to Plaintiff's satisfaction.

Having reviewed Plaintiff's amended complaint, this Court perceives no basis for dismissing Plaintiff's improper disclosure of medical information claims against Delapaz and Woodside[2] at this time, and shall permit those claims to proceed. *See, e.g., Doe v. Delie*, 257 F.3d 309, 314-318 (3d Cir. 2001) (recognizing a civil rights claim for improper revelation of private medical information, including HIV diagnosis). Plaintiff's claims against Defendants Miller and Cuzzupe, however, fail to state an adequate basis for relief as they amount to little more than either a claim of vicarious liability, which is not permitted under § 1983, or a failure to respond to Plaintiff's complaints and grievances seeking a formal investigation, which is insufficient to support a claim for relief. *See, e.g., Iqbal*, 556 U.S. at 676 (vicarious liability not available under § 1983); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Whitehead v. City of Phila*, No. 13-2167, 2014 WL 657486, at *2 (E.D. Pa. Feb. 19, 2014) (there

---

between the way in which Plaintiff characterized events in his original complaint and the manner in which he now describes them.

[2] Plaintiff alleges that Woodside disclosed this information to Delapaz as a warning to Delapaz while the officer was in the process of restraining Plaintiff on another occasion. The Court notes that a prisoner's right to medical privacy is hardly absolute, and depending on the exact circumstances under which the revelation occurred, Woodside's alleged conduct may not have been improper. *See Doe*, 257 F.3d at 317 (right to medical privacy is not absolute and disclosure to prison staff is not improper where disclosure is necessary "to achieve legitimate correctional goals and maintain institutional security"). Any such facts are beyond the face of Plaintiff's amended complaint, however, and are therefore beyond the scope of this screening.

is "no constitutional right to a [sheriff's office] investigation"). Plaintiff's claims against Miller and Cuzzupe are therefore dismissed without prejudice at this time.

Finally, the Court notes that Plaintiff has also filed a motion seeking the appointment of counsel. (ECF No. 10.) Although civil plaintiffs have no right to the appointment of counsel in civil matters, this Court has wide discretion to appoint counsel where the Court finds that the appointment of counsel is warranted. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether the appointment of counsel is warranted, this Court must first determine whether the plaintiff is indigent and whether his claims have merit. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011). Where an indigent plaintiff presents meritorious claims, the Court then must weigh various factors to determine whether the appointment of counsel is warranted. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45. Those factors include the litigant's ability to present his case, the complexity of the legal issues involved, the degree to which factual investigation will be necessary and the plaintiff's ability to conduct such an investigation, the litigant's ability to retain counsel on his own behalf, the extent to which the case turns on credibility, and whether expert testimony will be required to resolve the case. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45. This list of factors is not exhaustive, and this Court is free to consider any other relevant factors in making its determination. *Montgomery*, 294 F.3d at 499.

While the Court recognizes that Plaintiff has shown his indigence and has now presented claims against two Defendants of sufficient merit to survive initial screening, this Court finds that the appointment of counsel is not warranted at this time. Plaintiff's claims are fairly straightforward, and Plaintiff directly alleges in his amended complaint that he has already done a considerable amount of footwork as to his claims already – including locating and identifying

several witnesses he believes are willing to support his claims. It thus appears that Plaintiff is adequately able to pursue his claims on his own behalf. As it is doubtful expert testimony will be needed in this matter, this Court finds that the *Tabron* factors do not weigh in favor of appointing counsel at this time, and Plaintiff's motion is therefore denied without prejudice.

**IT IS THEREFORE** on this ⟨17th⟩ day of August, 2022,

**ORDERED** that the Clerk of the Court shall re-open this matter; and it is further

**ORDERED** that Plaintiff's claims against Defendants Miller and Cuzzupe are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's medical privacy claims raised in his amended complaint (ECF No. 12) shall **PROCEED** at this time against Defendants Delapaz and Woodside only; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for each of Defendants Delapaz and Woodside; and it is further

**ORDERED** that Plaintiff shall complete the forms and return them to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101; and it is further

**ORDERED** that, upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the amended complaint (ECF No. 12), summons, and this Order upon Defendants Delapaz and Woodside pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants Delapaz and Woodside shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997(e)(g)(2); and it is further

**ORDERED** that Plaintiff's motion seeking the appointment of counsel (ECF No. 10) is **DENIED WITHOUT PREJUDICE**; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

Hon. Karen M. Williams,
United States District Judge