**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILLIP L. MILLER,<br><br>*Plaintiff,*<br><br>v.<br><br>SGT. C. DELLAPAZ, *et al.*,<br><br>*Defendants.* | Civil Action No. 22-2361 (KMW) (AMD)<br><br>**OPINION**<br><br>October 23, 2026 |

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Motion"). (ECF No. 120.) For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on April 25, 2022. (ECF No. 1.) The Court dismissed the original Complaint upon screening (ECF Nos. 7–8); and Plaintiff subsequently filed an Amended Complaint on August 2, 2022. (ECF No. 12.) In the Amended Complaint, Plaintiff alleges that, during a verbal confrontation over his refusal to follow certain commands, Defendant Sergeant Dellapaz ("Dellapaz") loudly disclosed to other inmates in Plaintiff's housing unit that Plaintiff had HIV/AIDS. (ECF No. 12 at 5–10.) Plaintiff contends that the disclosure improperly revealed his confidential medical information without his consent. (*Id.*) He further alleges that Defendant Nurse Woodside ("Woodside") improperly disclosed his medical condition to Dellapaz. (*Id.*) Plaintiff also asserts claims against Defendant Chuck Miller ("Miller"), the county sheriff, and John Cuzzupe ("Cuzzupe"), the jail warden, based on grievances and complaints he submitted to

them concerning the alleged disclosure. (*Id.*) The Court permitted Plaintiff's medical-privacy claims against Dellapaz and Woodside to proceed, and the claims against Miller and Cuzzuppe were dismissed without prejudice. (ECF Nos. 12–13.) Defendants Dellapaz and Woodside answered the Complaint on January 6, 2023. (ECF No. 25.)

In March 2023, Plaintiff requested a six-month stay while he participated in a treatment program ordered by the New Jersey Superior Court. (ECF No. 29.) The Court granted the request by consent, administratively terminated the action, and directed Plaintiff to notify the Court by September 1, 2023, if he intended to proceed. (ECF Nos. 32–33.) Plaintiff subsequently sought to reopen the matter, and the Court granted that request on September 12, 2023. (ECF Nos. 38–40.)

After several mailings were returned as undeliverable, the Court administratively terminated the action on November 28, 2023, because Plaintiff had not complied with Local Civil Rule 10.1(a), which requires a party to keep the Court apprised of a current address. (ECF No. 43.) The termination was without prejudice to reinstatement if Plaintiff supplied an updated address within thirty days. In February 2024, Plaintiff submitted letters requesting that the action be reopened and his address be updated. The Court granted that relief. (ECF Nos. 44–46.) Litigation then continued, including discovery-related proceedings and motions. (*See*, *e.g.*, ECF Nos. 49, 51, 56–57, 59, 94–96.)

On July 24, 2025, Plaintiff orally requested, without opposition, that discovery be stayed pending his release from Bayside State Prison. The Court granted the request, stayed the remaining discovery, and administratively terminated the action. The Court also directed Plaintiff to update his address upon release. (ECF Nos. 106–109.) A status conference was initially scheduled for October 27, 2025, and later rescheduled for December 3, 2025. (ECF Nos. 111–12.)

On January 7, 2026, Plaintiff filed a notice of change of address and requested that the action be reopened. (ECF No. 115.) Plaintiff advised that he had been released from Bayside State Prison on November 12, 2025, and incarcerated at Essex County Correctional Facility on November 17, 2025. He explained that he had been unaware of the December 3, 2025 status conference. According to Plaintiff, he had understood that a conference would occur before his release, had contacted defense counsel about the previously scheduled conference, and had called the Court after receiving no further information. Plaintiff requested that the matter be reopened and that the Court schedule a conference to determine how the litigation should proceed. (*Id.*)

Defendants thereafter submitted letters requesting dismissal for failure to prosecute. (ECF Nos. 113, 116, 118.) On March 13, 2026, the Court denied those requests without prejudice and directed Defendants to file a formal motion by March 27, 2026, if they continued to seek dismissal. (ECF No. 119.) Defendants timely filed the present Motion on March 23, 2026. (ECF No. 120.)

Defendants argue that Plaintiff failed to update his address, failed to appear at the December 3, 2025 conference, and failed to pursue discovery or communicate with defense counsel. (ECF No. 120-1.) They contend that Plaintiff's conduct demonstrates a history of dilatoriness and willful abandonment and that dismissal is warranted because lesser sanctions would be ineffective. Defendants also challenge the apparent merit of Plaintiff's claims. (*Id.* at 6–8)

The docket reflects, however, that Plaintiff continued to communicate with the Court. In addition to his January 2026 filing, Plaintiff submitted further papers, including a motion seeking leave to file an untimely opposition to a motion for summary judgment and a subsequent notice of change of address. (ECF Nos. 126, 128.) The docket also reflects returned mail. Moreover, Defendants' certificate of service for the present Motion identifies Bayside State Prison as the

address to which the Motion papers were mailed, although Plaintiff's January 2026 filing identified Essex County Correctional Facility as his address at that time. (ECF Nos. 115, 120.) These circumstances bear on whether Plaintiff's conduct demonstrates a willful abandonment of the action.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss an action when a plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order. A district court also possesses inherent authority to dismiss an action for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

In the Third Circuit, courts assess a Rule 41(b) motion by considering the six factors identified in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984): "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."

No single *Poulis* factor is dispositive, and not all factors must weigh in favor of dismissal before dismissal may be warranted. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). Nevertheless, dismissal with prejudice is a drastic sanction, and courts must carefully balance the relevant factors in light of the record as a whole. *Id.* at 258–59. The Third Circuit has emphasized that dismissal ordinarily requires a clear record of delay or contumacious conduct and that courts should consider whether lesser sanctions would suffice. *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342–43 (3d Cir. 1982).

## III. DISCUSSION

The Court has considered each of the *Poulis* factors and concludes that dismissal is not warranted on the present record.

### A. Plaintiff's personal responsibility.

Because Plaintiff is proceeding *pro se*, he is personally responsible for complying with court orders, keeping the Court apprised of his current address, and attending scheduled conferences. *See Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008). Plaintiff did not attend the December 3, 2025 status conference (*see* ECF No. 115), and his address history has complicated the administration of this action (*see, e.g.*, ECF Nos. 15, 17, 21). This factor weighs in favor of dismissal. Its weight is tempered, however, by Plaintiff's explanation that he was transferred between custodial facilities and misunderstood when the status conference would occur. He subsequently notified the Court of his circumstances and requested that the action proceed. (ECF No. 115 at 1.) Thus, this factor does not powerfully favor dismissal.

### B. Prejudice to Defendants.

Defendants contend that Plaintiff's failure to communicate and pursue discovery has delayed the litigation and required them to expend effort determining his whereabouts. (ECF No. 120-1 at 6–7.) Delay and additional litigation expense may constitute prejudice, but the record does not establish that Plaintiff's recent conduct has caused substantial, irreparable prejudice to Defendants' ability to defend this action. *See Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994). The Court also accounts for the fact that discovery was stayed at Plaintiff's request and the action administratively terminated in July 2025. (ECF Nos. 106–109.) The delay must be evaluated in light of that court-approved stay, rather than attributed entirely to Plaintiff's failure to prosecute. The Court finds that this factor does not

strongly favor dismissal.

**C. History of dilatoriness.**

The docket reflects periods of delay, returned mail, and prior administrative termination when Plaintiff failed to maintain a current address. (ECF Nos. 43–46.) These circumstances weigh in Defendants' favor. But the record does not show uninterrupted inactivity or a persistent refusal to participate in the litigation. Plaintiff previously sought and obtained reopening of the action, participated in proceedings, and requested a stay while incarcerated. (ECF Nos. 38–40, 106–109.) He also filed his January 2026 notice explaining his circumstances and asking the Court to resume the case. (ECF No. 115 at 1.) His later filings further indicate an intent to continue litigating. (ECF Nos. 126, 128.) Although the procedural history is imperfect, it does not establish the kind of sustained inaction that, standing alone, warrants dismissal with prejudice.

**D. Willfulness or bad faith.**

Defendants characterize Plaintiff's failure to attend the status conference and communicate with counsel as willful. (ECF No. 120-1 at 6–7.) The present record, however, does not clearly establish bad faith or an intentional decision to abandon the action. Plaintiff offered an explanation for his absence and described his efforts to obtain information about the conference. (ECF No. 115 at 1.) The record also reflects that the instant Motion was mailed to Bayside State Prison, despite Plaintiff's earlier notice identifying Essex County Correctional Facility as his address at that time, and that mail was subsequently returned. (ECF Nos. 115, 120, 123–25.) These circumstances counsel against inferring willful abandonment merely from Plaintiff's failure to respond promptly or attend the conference.

Willfulness requires more than negligence or inadvertence; it involves "intentional or self-serving behavior." *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*, 29

F.3d 863, 875 (3d Cir. 1994). Here, Plaintiff explained that he was transferred between custodial facilities, misunderstood when the status conference would occur, and subsequently contacted the Court to determine how to proceed. (ECF No. 115 at 1.) The record also reflects that Defendants mailed the instant Motion to an address different from the address Plaintiff provided to the Court, and that subsequent mailings were returned. (ECF Nos. 115, 120, 123–25.) These circumstances do not establish that Plaintiff intentionally abandoned the action. *See Briscoe v. Klaus*, 538 F.3d 252, 262–63 (3d Cir. 2008) (reversing dismissal where the record did not adequately establish the plaintiff's responsibility for failing to attend a conference and emphasizing the need for a full and fair opportunity to explain noncompliance). Accordingly, this factor weighs against dismissal.

**E. Availability of alternative sanctions.**

Defendants argue that sanctions short of dismissal would be ineffective because Plaintiff is incarcerated and lacks the means to pay a monetary sanction. (ECF No. 120-1 at 7.) Monetary sanctions are not the only available alternative. The Court may direct Plaintiff to confirm his current address and intention to proceed, establish firm deadlines for any outstanding submissions and discovery, and warn Plaintiff that future failures to comply with court orders may result in dismissal. Such measures would address the procedural concerns identified by Defendants without immediately imposing the ultimate sanction. Because reasonable alternatives remain available, this factor weighs against dismissal. *See Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 343–44 (3d Cir. 1982).

**F. Meritoriousness of Plaintiff's claims.**

For purposes of the *Poulis* analysis, a claim is considered meritorious when the allegations, if established at trial, would support recovery. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 869–70 (3d Cir. 1984). Plaintiff's medical-privacy claims against Defendants survived initial

screening. (ECF Nos. 12–13.) The Court does not decide the ultimate merits of those claims at this stage, and Defendants' arguments concerning the justification for the alleged disclosures do not establish that the action should be dismissed as a sanction for failure to prosecute. This factor does not support dismissal on the present record.

## IV. CONCLUSION

Balancing the six factors, the Court concludes that dismissal under Rule 41(b) is unwarranted. Although Plaintiff bears responsibility for maintaining a current address and complying with court orders, his explanation for missing the status conference, his subsequent communications with the Court, and the returned-mail history make it difficult to conclude that he has willfully abandoned this action. The Court is also mindful that dismissal with prejudice is an extreme sanction and that less drastic measures remain available. *See Briscoe v. Klaus*, 538 F.3d 252, 258–59, 263 (3d Cir. 2008); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). The appropriate course is to permit the action to proceed subject to clear expectations for Plaintiff's future participation.

Accordingly, Defendants' Motion to Dismiss for failure to prosecute (ECF No. 120) is **DENIED**. The Court may issue further instructions concerning Plaintiff's current address, the status of the litigation, and the deadlines necessary to move this matter forward.

An appropriate Order accompanies this Opinion.

**Hon. Karen M. Williams,**
**United States District Judge**